UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PAULINE C., on behalf
of M.G.C.,

                    Plaintiff,

     -v-                                          6:19-CV-746

COMMISSIONER OF
SOCIAL SECURITY,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                              OF COUNSEL:

PAULINE C.
Plaintiff, Pro Se
102 West Gansevoort Street
Little Falls, NY 13365

SOCIAL SECURITY ADMINISTRATION            KATHRYN S. POLLACK, ESQ.
   OFFICE OF REGIONAL GENERAL             Special Ass't United States Attorney
       COUNSEL – REGION II
Attorneys for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

DAVID N. HURD
United States District Judge

<u>**MEMORANDUM–DECISION and ORDER**</u>

**I.  <u>INTRODUCTION</u>**

     On June 21, 2019, *pro se* plaintiff Pauline C.[1] ("Pauline" or "plaintiff") filed this action

---

[1]  In accordance with a May 1, 2018 memorandum issued by the Judicial Conference's Committee on Court Administration and Case Management and adopted as local practice in this District, only claimant's first name and last initial will be used in this opinion.

seeking review of defendant Commissioner of Social Security's ("Commissioner" or "defendant") final decision denying her daughter's application for Supplemental Security Income ("SSI").

On June 25, 2019, U.S. Magistrate Judge David E. Peebles granted Pauline's motion to proceed *in forma pauperis*; that is, to proceed without prepayment of the filing fees necessary to maintain a civil action. Dkt. No. 7. At that time, Judge Peebles set a deadline for the Commissioner to file a certified transcript of the administrative proceedings. *Id*. The case was later reassigned to U.S. Magistrate Judge Christian F. Hummel. Dkt. No. 9.

On September 30, 2019, the Commissioner filed the Administrative Record on Appeal, an event that triggers the briefing schedule set out in General Order 18, which governs Social Security cases in this District. Dkt. No. 10. Under that briefing schedule, Pauline's brief in support of her appeal was due forty-five days after defendant filed the administrative record.

Pauline was on notice of these deadlines, since the Court had previously mailed to her a copy of General Order 18, along with a *pro se* handbook that contained important information about civil litigation in federal court. Dkt. Nos. 5-6. Even so, plaintiff failed to file her opening brief within the time period allotted; *i.e.*, on or before November 14, 2019.

On March 5, 2020, Judge Hummel issued a text order in which he acknowledged that Pauline had missed the November 14 deadline but, because she was proceeding in this case without the benefit of a lawyer, he would adopt a different, more favorable briefing schedule instead. Dkt. No. 12.

Under this revised briefing schedule, the Commissioner would go first, filing his brief within the next thirty days. Dkt. No. 12. Pauline would then have thirty days from the date defendant's brief was filed in which to file a brief of her own. *Id*. Judge Hummel warned

plaintiff that, if he did not receive a filing from her by the new deadline, he would be forced to consider the merits of the appeal without her input.  *Id*.  In the interim, Chief U.S. District Judge Glenn T. Suddaby terminated the case referral to Judge Hummel, leaving plaintiff's appeal to be decided directly by this Court.

On April 6, 2020, the Commissioner filed his brief in support of affirmance.  Dkt. No. 13.  Under the modified briefing schedule adopted by Judge Hummel, Pauline's brief was due on May 6, 2020.  Because that date has since passed without a filing from plaintiff, the matter will be considered on the basis of the available submissions without oral argument.[2]

## II. **BACKGROUND**

On October 16, 2015, Pauline filed for SSI on behalf of her minor child ("M.G.C." or "claimant") alleging that M.G.C. was disabled due to Hashimoto's disease, a vision impairment, depression, and learning disabilities.  R. at 163-71, 233.[3]  M.G.C.'s claim was initially denied on March 28, 2016.  R. at 92-108.  At plaintiff's request, a video hearing was held before Administrative Law Judge ("ALJ") Monica Jackson on February 5, 2018.  R. at 63-86.  Plaintiff and M.G.C. appeared and testified at the hearing without the assistance of counsel or a representative.  R. at 63-86.

Thereafter, the ALJ issued a written decision denying M.G.C.'s claim from October 16, 2015, the application date, through February 26, 2018, the date of the written decision.  R. at 39-54.  This decision became the final decision of the Commissioner on January 19, 2019, when the Appeals Council denied plaintiff's request for review.  R. at 11-16.

---

[2] Pursuant to General Order 18, consideration of this matter will proceed as if the Commissioner had accompanied his brief with a motion for judgment on the pleadings.

[3] Citations to "R." refer to the Administrative Record.  Dkt. No. 10.

## III.  DISCUSSION

### A.  Standard of Review

A court's review of the Commissioner's final decision is limited to determining whether the decision is supported by substantial evidence and the correct legal standards were applied.  *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam ).  "Substantial evidence means 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Id.* (quoting *Consol. Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)).

"To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

If the Commissioner's disability determination is supported by substantial evidence, that determination is conclusive.  *See Williams*, 859 F.2d at 258.  Indeed, where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's decision must be upheld—even if the court's independent review of the evidence may differ from the Commissioner's.  *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982); *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).

 However, "where there is a reasonable basis for doubting whether the Commissioner applied the appropriate legal standards," the decision should not be affirmed even though the ultimate conclusion reached is arguably supported by substantial evidence.  *Martone v.*

*Apfel*, 70 F. Supp. 2d 145, 148 (N.D.N.Y. 1999) (citing *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987)).

### B. <u>Child Disability Determination—The Three-Step Evaluation Process</u>

An individual under the age of eighteen (a "child") is considered "disabled" within the meaning of the Act if he or she has "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).

The ALJ follows a three-step sequential evaluation process to determine whether a child is disabled. *See* 20 C.F.R. § 416.924(a); *see also Kenne ex rel. J.T. v. Astrue*, 901 F. Supp. 2d 339, 347 (N.D.N.Y. 2012) (Young, J., sitting by designation). At step one, the ALJ determines whether the child is engaged in substantial gainful activity. § 416.924(b). If the child is not engaged in substantial gainful activity, then step two requires the ALJ to determine whether the child has a medically determinable impairment, or a combination of impairments, that qualify as "severe." § 416.924(c). If the impairment or combination of impairments qualify as "severe," then step three requires the ALJ to determine whether the child's impairment, or combination of impairments, qualifies as a condition identified in the listing of impairments set forth in 20 C.F.R. Pt. 404, Subpt. P., App. 1 (the "Listings").

Equivalence to one of the Listings can be either "medical" or "functional." 20 C.F.R. § 416.924(d); *see also Keene*, 901 F. Supp. 2d at 347. If an impairment is found to meet or medically equal one of the Listings, the child will be deemed "disabled" within the meaning of the Act. 20 C.F.R. § 416.924(d)(1). However, if the impairment, or combination of impairments, do not meet or medically equal one of the Listings, the ALJ will go on to

assess the functional limitations that arise from those impairments to determine whether the child's condition "functionally" equals a disability.  § 416.926a(a).

This analysis considers how the child performs in six "broad areas of functioning intended to capture all of what a child can or cannot do."  20 C.F.R. § 416.926a(b)(1).  These six "domains" are:  (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being.  § 416.926a(b)(1)(i)-(vi).

A finding of functional disability is appropriate if the medically determinable impairment or combination of impairments "results in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain."  20 C.F.R. § 416.926a(a).  An "extreme" limitation is an impairment that "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities."  § 416.926a(e)(3)(i).  This rating is only "give[n] to the worst limitations."  *Pollard v. Halter*, 377 F.3d 183, 190 (2d Cir. 2004).  Unlike an "extreme" limitation, however, a "marked" limitation may exist when the impairment or impairments "interfere[ ] seriously with [the child's] ability to independently initiate, sustain, or complete activities."  § 416.926a(e)(2)(i).

### C. **ALJ's Decision**

The ALJ applied the three-step determination to find that:  (1) M.G.C. had not engaged in substantial gainful activity since October 16, 2015, the application date; (2) claimant's Hashimoto's disease, thyroid disorder, depressive disorder, anxiety disorder, and hearing disorder were "severe" impairments within the meaning of the Regulations; and that (3) these impairments, whether considered individually or in combination, did not meet or equal any of the Listings.  R. at 42.

Next, the ALJ evaluated the six domains to determine whether M.G.C.'s impairments were functionally equivalent to one or more of the Listings.  R. at 42-54.  The ALJ found that claimant had:  (1) a less than marked limitation in acquiring and using information; (2) no limitation in attending and completing tasks; (3) no limitation in interacting and relating with others; (4) no limitation in moving about and manipulating objects; (5) no limitation in the ability to care for herself; and (6) a less than marked limitation in health and physical well-being.  R. at 48-54.

Because the ALJ concluded that M.G.C.'s medically determinable severe impairments did not result in either "marked" limitations in two domains of functioning or an "extreme" limitation in one domain of functioning, the ALJ denied the application for benefits.  R. at 54.

## D. <u>Pauline's Appeal</u>

As Judge Hummel initially planned to do, this Court has independently scrutinized the Commissioner's final decision to ensure that it complies with the applicable standard of review.  *See, e.g.*, *Kathy R. v. Comm'r of Soc. Sec.*, 2020 WL 1862967 (N.D.N.Y. Apr. 14, 2019) (reviewing Commissioner's denial of benefits where *pro se* plaintiff failed to file a brief in support of her appeal); *Sean Quinton T. v. Comm'r of Soc. Sec.*, 2019 WL 5842791 (N.D.N.Y. Nov. 7, 2019) (conducting same review where *pro se* plaintiff's brief failed to identify any particular grounds on which remand might be warranted).  The Court has also reviewed defendant's brief in support of affirmance.  Dkt. No. 13.

This independent review of the record confirms what the ALJ explained to Pauline at the video hearing:  a student like M.G.C., who might appropriately be considered "learning disabled" and receive supportive benefits from the public education system, does not necessarily qualify as "disabled" within the meaning of the Social Security Regulations, which

impose a much more demanding standard.  *See* R. at 85.  To that end, the ALJ's written

decision is a thorough, fair review of M.G.C.'s claim, and it appropriately reconciles plaintiff's

and claimant's hearing testimony with the medical evidence in the record.  R. at 45-54.

There is one issue that bears mention.  The ALJ assigned only "partial weight" to the

opinion of Kayla DeCarr, a Licensed Clinical Social Worker ("LCSW") who treated M.G.C.

with therapy to address claimant's depression and anxiety.  R. at 531.  As the ALJ noted,

LCSW DeCarr indicated that claimant's symptoms "have a clinically significant impact on her

life."  *Id*.  Even so, it was not improper for the ALJ to partially discount this opinion in light of

the other medical evidence in the record, including but not limited to the opinions of

consultative psychiatric examiner Dennis M. Noia, Ph.D., who acknowledged claimant's

depression and anxiety but assessed only mild limitations in a few functional areas.

In sum, the Court has independently examined, within the confines of the fairly

deferential standard of review appropriate in the Social Security setting, whether there is any

reason to second-guess the findings and conclusions memorialized in the ALJ's written

decision.  Because no grounds for reversal or remand are apparent from the record and the

Commissioner's brief sets forth a persuasive argument in favor of affirmance, defendant's

final decision denying M.G.C.'s claim for benefits will be affirmed.

## IV.  <u>CONCLUSION</u>

The ALJ applied the appropriate legal standards and supported his written decision

with substantial evidence in the record.

Therefore, it is

ORDERED that

1.  Pauline's motion for judgment on the pleadings is DENIED;

2.  The Commissioner's motion for judgment on the pleadings is GRANTED;

3.  The Commissioner's decision is AFFIRMED; and

4.  Pauline's complaint is DISMISSED.

The Clerk of the Court is directed to enter a judgment accordingly and close the file.

IT IS SO ORDERED.


Dated:  May 13, 2020
        Utica, New York.

_____
United States District Judge